IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

    Plaintiff,                    No. CIV S-05-0449 FCD CMK

    vs.

NOVENCIDO, et al.,

    Defendants.               ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        On March 14, 2005, the court ordered plaintiff to submit an affidavit in support of his request to proceed in forma pauperis within thirty days. On April 11, 2005, plaintiff filed a request for an extension of time to comply with the court's order. On April 15, 2005, plaintiff filed a complete application to proceed in forma pauperis. Therefore, plaintiff's request for an extension is moot and will be disregarded.

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

///

1  Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28
2  U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently
3  without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.
4  § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
5  month's income credited to plaintiff's prison trust account. These payments shall be collected
6  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
7  plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
8  § 1915(b)(2).

9  The court is required to screen complaints brought by prisoners seeking relief
10 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
11 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
12 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
13 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
14 U.S.C. § 1915A(b)(1),(2).

15 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
16 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
17 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
18 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
19 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
20 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
21 Cir. 1989); Franklin, 745 F.2d at 1227.

22 A complaint, or portion thereof, should only be dismissed for failure to state a
23 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
24 of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
25 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
26 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a

complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted;

2.  Plaintiff's request for an extension of time is moot and shall be disregarded;

3.  Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3.  Plaintiff's complaint is dismissed.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  April 25, 2005

/s/   **CRAIG M. KELLISON**
Craig M. Kellison
UNITED STATES MAGISTRATE JUDGE