1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   WILLIE WEAVER,                        No. CIV S-05-0449-RRB-CMK-P

12              Plaintiff,

13        vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   NOVENCIDO, et al.,

15              Defendants.

16   _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18   to 42 U.S.C. § 1983.  Pending before the court is a motion to dismiss filed by defendant Gomez

19   (Doc. 19), on January 9, 2006.  The request by defendants Novencido and Merkle to join in

20   Defendant Gomez' motion (Doc. 27) is granted.  Defendant Gile has not been served with the

21   complaint.  Plaintiff filed an opposition to defendant's motion on February 17, 2006 (Doc. 28).

22              In his motion to dismiss, defendant Gomez argues that this action is barred by the

23   applicable statute of limitations.  As defendant correctly observes, the statute of limitations

24   applicable to a § 1983 action is the state's general statute of limitations.  <u>See</u> <u>Bd. of Regents v.</u>

25   <u>Tomanio</u>, 446 U.S. 478, 484-85 (1980).  State law also governs tolling the limitations period.

26   <u>See id.</u>  Federal law, however, governs when the statute of limitations begins to run.  <u>See</u> <u>Ward</u>

1

1   v. Westinghouse Canada, Inc., 32 F.3d 1405, 1407 (9th Cir. 1994); see also Bagley v. CMC Real

2   Estate Corp., 923 F.2d 758, 760 (9th Cir. 1991).  An action accrues when the plaintiff knows, or

3   has reason to know, of the injury which is the basis of the action.  See id.  Once the action

4   accrues, the statute of limitations begins to run.  See Braxton-Secret v. A.H. Robins Co., 769

5   F.2d 528, 530 (9th Cir. 1985).  In this case, plaintiff clearly states in his complaint that the events

6   which form the basis of the alleged constitutional violations occurred in October 1996.

7   Therefore, this action accrued in 1996, which is when the statute of limitations began to run.

8   Until 2002, the general statute of limitations in California was one year.  See former Cal. Code

9   Civ. Proc. § 340(3); see also Fink v. Shedler, 192 F.3d 991, 914 (9th Cir. 1999).  The limitations

10   period, therefore, expired in this case sometime in October 1997.

11           The court next addresses whether the limitations period should be tolled.  Until

12   1995, the limitations period in California was tolled for any period of continuous incarceration, if

13   the plaintiff was not serving a life term.  See former Cal. Code. Civ. Proc. § 352(a)(3).  In 1995,

14   that rule was changed to provide for only two years of tolling.  See Cal. Code. Civ. Proc. §

15   352.1. In California, plaintiffs who are prisoners serving life terms were not entitled to any

16   tolling, and still are not.  Because the claims in this case accrued in 1996, at best plaintiff would

17   be entitled to two years of tolling.  Therefore, the limitations period actually expired in this

18   action sometime in October 1999.

19           In his opposition to defendant's motion to dismiss, plaintiff argues that he filed

20   suit in this court in 1997 under case number CIV S-97-0336-DFL-JFM-P.  Plaintiff states that

21   case ended April 17, 2002, but was re-opened March 7, 2005.  A review of the relevant dockets

22   reflects that the case filed in 1997 was closed by way of summary judgment in favor of

23   defendants in 2000, not 2002 as plaintiff states.  Plaintiff never appealed.  Contrary to plaintiff's

24   current assertion, that action was never re-opened, either by order of this court or the appellate

25   court.  In fact, March 7, 2005, is the date plaintiff filed the instant action.  This does not

26   constitute a re-opening of the 1997 action.  Moreover, the 1997 action can't have any logical

bearing on the expiration of the statute of limitations for this action because they involved different sets of defendants and factual allegations.

Because it is clear from the face of the complaint that all of the claims raised in this action are barred by the statute of limitations, dismissal of the action in its entirety, as against all defendants, is appropriate. See Vaughan v. Grijalva, 927 F.2d 476, 479 (9th Cir. 1991).

Based on the foregoing, the undersigned recommends that:

1.      Defendant's motion to dismiss be granted;

2.      This action be dismissed, in its entirety, as against all defendants; and

3.      The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   April 20, 2006.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE